# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

| | |
|---|---|
| JOEL WHITE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SENTENCE REVIEW DIVISION, HON. RICHARD SIMONTON, HON. RAY DAYTON, HON. LOREN TUCKER, and ED SHEEHY,<br><br>　　　　Defendants. | Cause No. CV 13-42-BU-DWM-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

　　　This matter comes before the Court on Plaintiff Joel White's Motion to Proceed in Forma Pauperis (Dkt. 1) and proposed Complaint. (Dkt. 2). After conducting the prescreening process mandated by 28 U.S.C. § 1915, the Court finds that White's claims are barred by res judicata, the *Rooker-Feldman* doctrine, the *Heck* doctrine and he has not named a proper defendant. The case should be dismissed.

## I. Motion to Proceed in Forma Pauperis

　　　White submitted a declaration sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be

1

granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), White must pay the statutory filing fee of $350.00. White has only submitted a one month account statement, therefore, it is not possible to determine an appropriate initial filing fee. That fee will be deferred. White will be required to make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by Congress and cannot be altered. *See* 28 U.S.C. § 1915(b)(2). A separate order will direct the agency having custody of White to forward payments from his account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Statement of Case

### A. Parties

White is proceeding without counsel. He names the Montana Sentence Review Division, the Honorable Richard Simonton, the Honorable Ray Dayton, the Honorable Loren Tucker, and his defense counsel–Ed Sheehy.

### B. Background

On November 3, 2011, White appeared before the Montana Sentence Review Division for a hearing over which state district judges Simonton, Dayton, and Tucker presided. He had requested that his trial counsel represent him at the

hearing but Ed Sheehy was appointed to represent him. He contends he should have been afforded trial counsel who was familiar with the nuances of his case. He also contends that Mr. Sheehy failed to provide effective assistance of counsel.

On September 11, 2012, White filed a Petition for Extraordinary Relief in the Montana Supreme Court seeking another hearing before the Sentence Review Division with the appointed counsel of his choice. The petition was dismissed and denied by the Montana Supreme Court on November 20, 2012. *White v. Montana*, OP 12-0539 (Mt.S.Ct. 2012).

### III. Screening per 28 U.S.C. § 1915a

As White is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. §§ 1915, 1915A which allow for the dismissal of a complaint filed in forma pauperis before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). Rule 8(a)(2)

3

requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**IV. <u>Analysis</u>**

4

### A. Res Judicata

The doctrine of res judicata provides that a final judgment on the merits bars a subsequent action between the same parties over the same cause of action. *See In re Imperial Corp. of America,* 92 F.3d 1503, 1506 (9th Cir. 1996). "[A] final judgment on the merits of an action precludes the parties or the privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94 (1980). Res judicata bars a later suit where the previous suit (1) involved the same "claim" as the later suit, (2) reached a final judgment on the merits, and (3) involved the same parties or their privies. *Nordhorn v. Ladish Co., Inc.,* 9 F.3d 1402, 1404 (9th Cir. 1993).

White is raising the same challenge to his sentence review hearing that he raised in the Montana Supreme Court and about which the Montana Supreme Court made a final determination. *White v. Montana*, OP 12-0539 (M.S.Ct. 2012). His claims against the Sentence Review Division and the Judges who presided over his hearing are barred by res judicata.

### B. Rooker-Feldman Doctrine

The Rooker-Feldman doctrine requires the dismissal of a complaint for lack of subject-matter jurisdiction if it is a de facto appeal from a state court decision. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of*

*Appeals v. Feldman*, 460 U.S. 462 (1983). "The basic premise of Rooker-Feldman is that 'a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court.'" *Maldonado v. Harris*, 370 F.3d 945, 949 (9th Cir. 2004) (*citing Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003)). This doctrine "recognizes the implicit statutory structure established by Congress, which has determined that the United States Supreme Court is the only federal court with jurisdiction to hear appeals from state courts." *Maldonado*, 370 F.3d at 949. White seeks the same relief that was denied by the Montana Supreme Court, in effect seeking an order overturning the Montana Supreme Court's decision. The Court does not have subject matter jurisdiction to issue such an order.

    **C. Challenge to Conviction**

White cannot challenge his sentence with a civil action filed pursuant to 42 U.S.C. § 1983. Any such claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question

by the issuance of a habeas writ, or expunged. *Heck*, 512 U.S. at 487.

A finding that White's rights were violated during sentence review would necessarily imply the invalidity of his sentence. The Montana Department of Corrections website indicates White is currently incarcerated on a deliberate homicide charge for which he received a life sentence. www.app.mt.gov/conweb. Thus, it does not appear that sentence has been reversed, declared invalid, expunged, or called into question. White's claims challenging his sentence review proceedings are barred by *Heck*.

### D. Defendants

#### 1. Judicial Immunity

State court judges are absolutely immune from monetary damages for judicial actions taken by them in the course of their official duties in connection with a case, unless the judge acts outside their judicial capacity or in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). For purposes of judicial immunity, "[a] clear absence of all jurisdiction means a clear lack of subject matter jurisdiction." *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1389 (9th Cir. 1987). The Supreme Court has held that as long as a judge has jurisdiction to perform the "general act" in question, he or she is immune "however erroneous the act may have been, . . . however injurious in its

consequences it may have proved to the plaintiff" and irrespective of the judge's motivation. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985). The named judges' actions taken as part of the Sentence Review Division are clearly within their official duties. These judges are entitled to judicial immunity from monetary damages.

### 2. Defense Counsel

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). In *Polk County v. Dodson,* 454 U.S. 312 (1981), the United States Supreme Court held that public defenders do not act "under color of state law" when performing traditional lawyer duties. *See also Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2003)(en banc). Mr. Sheehy cannot be sued for ineffective assistance of counsel under 42 U.S.C. § 1983 as he is not a state actor.

## V. Conclusion

White's claims are barred by res judicata, the *Rooker-Feldman* doctrine and the *Heck* doctrine; Defendants Simonton, Dayton, and Tucker are entitled to judicial immunity; and Defendant Sheehy is not a state actor who can be sued

8

under 42 U.S.C. § 1983. These are not defects which could be cured by amendment. The Complaint should be dismissed.

**"Strike" under 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act prohibits prisoners from bringing actions in forma pauperis if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). White's claims fail for a number of reasons which justify this dismissal being considered a strike.

First, this case should be designated as a "strike" because an action barred by res judicata can be dismissed as frivolous under 28 U.S.C. § 1915. *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984).

Secondly, the Court finds that a dismissal pursuant to *Heck* should constitute a strike. The question of whether a complaint dismissed pursuant to *Heck*, 512 U.S. 477 constitutes a strike has not been addressed by the Ninth Circuit. *Andrews v. Cervantes*, 493 F.3d 1047, 1052, n. 2 (9th Cir. 2007). However, the Supreme Court in *Heck* stated its ruling was based on a denial of "the existence of a cause of action." *Heck*, 512 U.S. at 489. Several other courts have held that *Heck* dismissals constitute dismissals for failure to state a claim. *See e.g., Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule

9

in *Heck* is legally frivolous."); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir.1995) ("[I]n light of *Heck*, the complaint was properly dismissed for failure to state a claim."); *Ransom v. Westphal, et al.*, 1:08-CV-01327-DMS-AJB (E.D. Cal. April 4, 2010); *Romero v. United States, et al.*, No. CV 11–531–PHX–DGC 2011 U.S. Dist. WL 1261293 (D.Ariz. Apr. 5, 2011). Finding this authority to be persuasive, the Court finds that a dismissal pursuant to *Heck* should be a strike under 28 U.S.C. § 1915(g).

Third, the Court finds this filing to be malicious. White has previously attempted to relitigate issues which had been fully litigated in Montana state courts. *See White v. 16th Dist. Court*, Civil Action No. 09-CV-165-BLG-RFC-CSO. Like this case, that case was dismissed based upon res judicata and the *Rooker-Feldman* doctrine. White should have been well aware prior to filing this case that such actions were frivolous.

Lastly, all federal claims against Mr. Sheehy are frivolous as it is well established that he is not a state actor and cannot be sued under 42 U.S.C. § 1983.

The dismissal of this case should constitute a strike under 28 U.S.C. § 1915(g).

**Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
>> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

White's claims are frivolous and no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter

would not be taken in good faith.

**Address Change**

At all times during the pendency of this action, White shall immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

**ORDER**

1. White's Motion to Proceed in Forma Pauperis (Dkt. 1) is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint (Dkt. 2) to remove the word "LODGED" and the Complaint is deemed filed on June 3, 2013.

Further, the Court issues the following:

**RECOMMENDATIONS**

1. This matter should be dismissed with prejudice. The Clerk of Court should be directed to close the case and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). White's claims are

frivolous.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain this action lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), White may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If White files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record relied on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority relied on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude White from relying on that fact or argument

at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal. This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 4th day of June, 2013

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge