
FILED
AUG 15 2013
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JOEL WHITE, | CV 13–42–BU–DWM |
| Plaintiff, | |
| vs. | ORDER |
| SENTENCE REVIEW DIVISION, HON. RICHARD SIMONTON, HON. RAY DAYTON, HON. LOREN TUCKER, and ED SHEEHY, | |
| Defendants. | |

Plaintiff Joel White brings this action pursuant to 42 U.S.C. § 1983. In Count I of his Complaint, Mr. White contends the Montana Sentence Review Division, the Honorable Richard Simonton, the Honorable Ray Dayton, and the Honorable Loren Tucker deprived him of the right to counsel of choice, and that his appointed counsel, Ed Sheehy, provided ineffective assistance. Mr. White interprets these allegations as violations of the due process clause of the Fifth and Fourteenth Amendments. In Count II of his Complaint, Mr. White contends Ed Sheehy provided ineffective assistance of counsel. Mr. White interprets this allegation as a violation of the Fourteenth Amendment.

As Mr. White is a prisoner proceeding *in forma pauperis*, the matter was referred to Magistrate Judge Lynch for screening pursuant to 28 U.S.C. §§ 1915, 1915A. Judge Lynch issued Findings and Recommendations on June 4, 2013. Judge Lynch recommends that Mr. White's Complaint be dismissed with prejudice and a strike assessed against him. Objections to Judge Lynch's Findings and Recommendations were originally due June 21, 2013. Mr. White requested and was granted an extension of time in which to file his objections. Pursuant to the Court's grant of leave to file by July 19, 2013, Mr. White timely filed his objections on July 1, 2013.

When a party objects to any portion of Findings and Recommendations issued by a Magistrate Judge, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir.1981). After reviewing Judge Lynch's Findings and Recommendations and Mr. White's objections to the same, I agree with Judge Lynch's analysis and conclusions. Judge Lynch's Findings and Recommendations are adopted in full.

Judge Lynch finds Mr. White's Complaint has several defects which cannot be cured by amendment. Both Counts asserted in the Complaint are barred by *res judicata* and the *Rooker-Feldman* and *Heck* doctrines. Furthermore, Defendants

Simonton, Dayton, and Tucker are entitled to judicial immunity and Defendant Sheehy is not a state actor who can be sued under 42 U.S.C. § 1983. Mr. White raises a number of objections to each of these findings. They are considered in turn, followed by examination of Judge Lynch's findings and their relation to his recommendations.

Mr. White argues that 28 U.S.C. § 1291 gives this Court jurisdiction to review a decision of the Montana Supreme Court. This is an erroneous interpretation of the statute. 28 U.S.C. § 1291 confers jurisdiction on federal courts of appeal to hear appeals from final decisions of federal district courts. This Court is a federal district court. The statute Mr. White cites does not speak to the jurisdiction of this Court, nor does it consider jurisdiction of any federal court to hear appeals from a state's highest court.

Mr. White claims that the collateral order doctrine, as established by the United States Supreme Court in *Cohen v. Beneficial Industrial Loan Corporation*, creates jurisdiction for this Court to hear arguments presented in his Complaint. Like § 1291, the collateral order doctrine considers the jurisdiction of federal courts of appeal. *See Cohen*, 337 U.S. at 546. The doctrine is an exception to the finality requirement of § 1291, positing that a federal court of appeal has jurisdiction to immediately hear appeal of a conclusive district court decision


regarding important questions separate from the merits that would be effectively unreviewable on appeal from final judgment in the underlying action. *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994). The collateral order doctrine does not concern the jurisdiction of this Court, a federal district court.

Mr. White's argument concerns the obligation of the Court in considering a petitioner's writ of *habeas corpus*. Mr. White's Complaint does not seek a writ of *habeas corpus* or present any claim under 18 U.S.C. § 2254 attacking his state custody. These arguments are not relevant to the 42 U.S.C. § 1983 claims presented in Mr. White's Complaint.

Judge Lynch finds Mr. White's Complaint is barred by *res judicata*. "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir.1997). The doctrine applies when there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the parties." *Id.*

Mr. White argues that the claims recited in Counts I and II of his Complaint have "never been raised except in front of the Montana Supreme Court where they have never been addressed." But Mr. White's claims related to appointment of

counsel of choice and effective assistance of counsel have already been addressed on the merits by the Montana Supreme Court. *See White v. Montana*, OP 12-0539 (Mont. 2012). The Montana Supreme Court's Order on Mr. White's petition for extraordinary relief considered the same claims asserted in the action at bar here and entered a final judgment on the merits of those claims. Mr. White is the party in interest in both actions. The requirements for *res judicata* have been met and Mr. White's Complaint is accordingly barred.

Judge Lynch finds this Court lacks subject-matter jurisdiction to hear Mr. White's Complaint based on *Rooker-Feldman* doctrine. "*Rooker-Feldman* is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state court judgments[.]" *Bianchi v. Ryaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). District courts have no authority to review final determinations of a state court in judicial proceedings. *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986). Mr. White seeks the same relief, provision of counsel of choice before the Montana Supreme Court Sentence Review Division, that was denied by the Montana Supreme Court in *White v. Montana*. This Court has no jurisdiction to enter such an order, as it would effectively overturn a decision of the Montana Supreme Court.

Mr. White does not raise specific objection to Judge Lynch's finding that this Court lacks subject-matter jurisdiction to hear his complaint. His contentions regarding *res judiciata* are arguably relevant to Judge Lynch's finding regarding the *Rooker-Feldman* doctrine, however, as stated above, Mr. White's claims related to appointment of counsel of choice and effective assistance of counsel have already been addressed on the merits by the Montana Supreme Court. *See White v. Montana*, OP 12-0539 (Mont. 2012). This fact applies with equal force to bar Mr. White's Complaint on the grounds that the relief sought would require this Court to "exercise appellate jurisdiction over the judgment of a state court[.]" *Worldwide Church of God*, 805 F.2d at 891.

Judge Lynch finds Mr. White cannot challenge his sentence with a civil action under 42 U.S.C. § 1983, as such claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Judge Lynch concludes that a finding that Mr. White's rights were violated during sentence review would raise the implication that his sentence is invalid. Mr. White's claims challenging his proceedings before the Sentence Review Division are barred by *Heck* because, as a § 1983 Plaintiff, Mr. White "must prove that the conviction or sentence has been reversed on direct appeal" or otherwise declared invalid by the issuance of a writ of *habeas corpus*, or expunged. *Id*. at 487. Mr. White has not presented this proof, so his claim is

barred.

Mr. White objects to this portion of Judge Lynch's findings, arguing he has not made mention of his sentence in pleadings before this Court. This argument is unavailing, as the absence of any reference to a sentence in his Complaint does not circumvent *Heck*. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. As Judge Lynch stated in his findings, the *Heck* bar is triggered when a Complaint raises an implication that a state prisoner's conviction or sentence is invalid. A directly stated challenge to the sentence is not required. Mr. White's Complaint regarding the representation he was afforded before the Sentence Review Division triggers the *Heck* bar because the relief Mr. White seeks would render his sentence invalid. His complaint comes before the Court under 42 U.S.C. § 1983. His sentence has not been reversed on direct appeal or by a writ of *habeas corpus*. *Heck* prevents Mr. White's claims challenging his sentence review proceedings.

Judge Lynch finds that Mr. White has not named proper defendants in this action, as Judges Simonton, Dayton, and Tucker have judicial immunity for their

official acts and Mr. Sheehy is not a proper defendant for an action proceeding under 42 U.S.C. § 1983 as he is not a state actor. The reasons supporting these findings are sound.

Judicial immunity bars lawsuits against judges for acts undertaken in their judicial capacity with proper jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Judicial immunity protects "judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988). "A judge lacks immunity when he acts 'in the clear absence of all jurisdiction,' or performs an act that is not 'judicial' in nature." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal citations omitted). The Ninth Circuit has identified four factors to apply in determination of whether an act was judicial in nature. Courts should consider whether: "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers, (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). All four of these factors counsel in favor of finding the named judicial defendants immune from claims asserted in the Complaint. These judges are entitled to immunity because their acts taken as part

of the Sentence Review Division are a normal function of the Montana judicial system. *See* Mont. Code Ann. § 46-18-901 (authorizing the Sentence Review Division as an adjunct of the Montana Supreme Court, composed of District Judges selected by the Chief Justice). The alleged events giving rise to Mr. White's complaint occurred before the Sentence Review Division, convened to adjudicate Mr. White's application for review. And the claims presented in the complaint all derive from the official acts of the judicial officers comprising the Sentence Review Division. The judicial defendants, therefore, are entitled to immunity for their actions targeted by the Complaint. The court does not have subject-matter jurisdiction to hear Mr. White's § 1983 claim against the judicial defendants. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980).

The Court also lacks subject-matter jurisdiction to hear claims against Mr. Sheehy, as he is not a state actor. An essential element of a § 1983 claim is that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Mr. Sheehy is not a state actor. Mr. Sheehy is the public defender who was appointed to represent Mr. White before the Sentence Review Division. The United States Supreme Court has held that public defenders performing their traditional duties do not act under the color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981). Mr. White's § 1983 claim

cannot proceed against Mr. Sheehy, as he is not a state actor. This Court, therefore, lacks subject-matter jurisdiction to hear § 1983 claims against Mr. Sheehy. *See Peng v. Mei Chin Penghu*, 335 F.3d 970, 380 (9th Cir. 2003).

Mr. White does not contest any of the foregoing findings regarding the propriety of defendants named in his Complaint. He only argues that Judge Lynch's findings "side tracked the issue[.]" (Doc. 8 at 3.) It is axiomatic that Mr. White's Complaint cannot proceed if this court lacks subject-matter jurisdiction. *See Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009). This Court's jurisdiction to entertain Mr. White's action is of primary importance. "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Id.*

In his objections to Judge Lynch's Findings and Recommendations, Mr. White restates many of the claims from his Complaint, arguing that he was deprived of due process before the Sentence Review Division. These arguments are raised in the context of the operative complaint, asserted under 42 U.S.C. § 1983. This Court lacks jurisdiction to hear claims against the named defendants. Remaining claims against the Sentence Review Division are barred based on *res judicata,* and the doctrines announced by the Supreme Court in *Rooker, Feldman,* and *Heck.* These defects are fundamental to the cause of action under which Mr. White raises these claims. Amendment would not cure these defects.

-10-

In accordance with the foregoing,

IT IS ORDERED that Judge Lynch's Findings and Recommendations (doc. 4) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Mr. White's Complaint, brought pursuant to 42 U.S.C. § 1983, is DISMISSED WITH PREJUDICE. The Clerk of Court shall close this case and enter judgment in favor of Defendants by a separate document, pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that, because the Complaint fails to state a claim for which relief can be granted, the Clerk of Court shall ensure the docket reflects that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that the docket shall reflect the Court's certification pursuant to Fed.R.App.P. 24 (a)(3)(A) that any appeal of this decision would not be taken in good faith.

Dated this 15th day of August, 2013.

Donald W. Molloy, District Judge
United States District Court